J-A09013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :  PENNSYLVANIA
                              :
              v.                    :
                              :
                              :
JOHN COFFMAN                  :
                              :
            Appellant        :  No. 787 WDA 2024

Appeal from the Judgment of Sentence Entered March 22, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007005-2021

BEFORE: KUNSELMAN, J., NICHOLS, J., and LANE, J.

JUDGMENT ORDER BY KUNSELMAN, J.:       **FILED: May 21, 2025**

John Coffman appeals from the judgment of sentence entered following his convictions for harassment and indecent assault. We remand with instructions.

The trial court, the Honorable Jennifer Satler, summarized the pertinent facts and procedural history as follows:

> On December 12, [2022], [Coffman] pled guilty to one count of Harassment and one count of Indecent Assault before the Honorable Anthony M. Mariani.[1] On March 22, 2023, Judge Mariani sentenced [Coffman] to an aggregate term of imprisonment of not less than 18 months nor more than 36 months. Neither post-sentencing motions nor a Notice of Appeal [was] filed on [Coffman's] behalf. [Coffman] then filed a *pro se* petition pursuant to the [Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46]. Counsel was appointed to represent [Coffman] and an amended PCRA petition was filed on March 19, 2024, in which [Coffman] sought the reinstatement of his post-sentencing and appellate rights without objection from the Commonwealth[.] Judge Mariani did not rule on the petition prior to his retirement.

> ¹ Judge Mariani retired on March 31, 2024, and this case was subsequently transferred to [Judge Satler].
>
> On May 28, 2024, [Judge Satler] reinstated [Coffman's] appellate rights but [she] did not address [Coffman's] post-sentencing rights. On June 3, 2024, [Coffman] filed a motion to reconsider [Judge Satler's] ruling and asked [her] to include reinstatement of [Coffman's] post-sentencing rights. [Judge Satler] was prepared to grant the motion for reconsideration but [she] did not rule on the motion because [she] was informed by court administration that this case had been reassigned to another judge. Not having received a ruling on his motion for reconsideration, [Coffman] filed a timely appeal of [Judge Satler's] order of May 28, 2024. After the Notice of Appeal was filed, [Judge Satler] learned that the notice of reassignment was an error and this case was not transferred to another judge.

Trial Court Opinion, 10/22/24, at 1 (unnumbered) (paragraph break added).

Thereafter, Judge Satler ordered Coffman to file a concise statement of matters complained of on appeal. Coffman complied, and in his Rule 1925(b) statement, he claimed that Judge Satler erred in not reinstating his post-sentencing rights in addition to his appellate rights. In her 1925(a) opinion, Judge Satler agreed with Coffman's contention, stating that she intended to reinstate Coffman's post-sentencing rights "but did not do so only because [she] was erroneously informed that this case was transferred to another judge." *Id.* at 2 (unnumbered). Judge Satler therefore opined that "because there was a breakdown in the court administration," this Court should remand this case so she can enter an order reinstating Coffman's post-sentencing rights. *Id.*[1]

---

[1] The Commonwealth filed a letter with this Court in which it confirmed the error regarding the reassignment of the case and agreed with Judge Satler's assessment of the case and her suggested disposition.

Our review of the record and pertinent case law supports Judge Satler's conclusion. *See Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa. Super. 2015) (stating that an appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court"). We therefore remand this case for the trial court to enter an order reinstating Coffman's right to file a post-sentence motion *nunc pro tunc*.

Case remanded. Panel jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/21/2025